UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDDIE J. MATHIS,<br><br>Petitioner. | Criminal Action No. 97-334-1 (CKK)<br>Civil Action No. 09-708 (CKK) |

FILED
OCT - 5 2009
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MEMORANDUM OPINION
(October 5, 2009)

This matter comes before the Court on Petitioner Eddie J. Mathis' second [418] Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. In response, the Government filed a [422] Motion to Transfer to the U.S. Court of Appeals Petitioner's Motion to Vacate, Set Aside or Correct Sentence, in which the Government contends that this Court lacks jurisdiction to entertain Petitioner's motion and must therefore transfer the motion to the United States Court of Appeals for the District of Columbia. After thoroughly reviewing the Petitioner's § 2255 motion, the Government's motion to transfer, and Petitioner's [424] reply, as well as the relevant case law, statutory authority, and the record of the case as a whole, the Court shall GRANT the Government's [422] Motion to Transfer and Petitioner's motion shall be transferred to the United States Court of Appeal for the District of Columbia pursuant to 28 U.S.C. §§ 1631 and 2255.

I. BACKGROUND

On May 22, 1998, Petitioner was found guilty of one count of conspiracy to possess and distribute heroin and cocaine, two counts of possession of heroin with intent to distribute, and

one count of conspiracy to launder money. On October 29, 2001, Petitioner filed his first Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255, alleging several defects in his trial, including ineffective assistance of counsel, the government's knowing use of perjured testimony, prejudicial variance between the indictment and the government's evidence at trial, and additional errors in the sentencing. This Court denied Petitioner's motion, and the United States Court of Appeals for the District of Columbia affirmed. *United States v. Mathis*, 503 F.3d 150 (D.C. Cir. 2007).

Thereafter, on April 15, 2009, Petitioner filed his second Motion to Vacate, Set Aside, or Correct pursuant to § 2255, which is now pending before this Court. Pet'r's Mot. to Vacate, Docket No. [418]. Petitioner contends that his conviction for conspiracy to launder money should be vacated in light of the Supreme Court's decision in *United States v. Santos*, __ U.S. __, 128 S. Ct. 2020 (2008), which he asserts altered the burden of proof for the money laundering count and created a new rule of constitutional law. *See generally id.* In response, the Government filed a Motion to Transfer, asserting that this Court does not have jurisdiction to consider Petitioner's motion and that the motion must be transferred to the D.C. Circuit pursuant to § 2255. *See* Gov't's Mot. to Transfer, Docket No. [423]. Petitioner subsequently filed a Reply to the Government's Motion to Transfer. *See* Pet'r's Reply, Docket No. [424]. Accordingly, the parties' motions are now ripe for the Court's review and resolution.

## II. LEGAL STANDARDS AND DISCUSSION

Under 28 U.S.C. § 2255, a prisoner in custody under a federal sentence, "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, . . . may move the court which imposed the sentence to

vacate, set aside or correct the sentence." A second or successive motion under § 2255, however, "must be certified . . . by a panel of the appropriate court of appeals" to contain:

> (1) newly discovered evidence . . . ; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255 (as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 100 Stat. 1214). *See also id.* § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Importantly, "a district court does not have jurisdiction over a defendant's 'second or successive' motion under § 2255 unless the appropriate court of appeals certifies the filing of the motion." *Williams v. Gonzales*, 567 F. Supp. 2d 148, 149 (D.D.C. 2008). *See also United States v. Akers*, 519 F. Supp. 2d 94, 96 (D.D.C. 2007) ("The court of appeals has not authorized the filing of [petitioner's] [second or successive] motion; thus, this Court is without jurisdiction over the matter.").

Petitioner concedes that (a) he filed a prior § 2255 motion, such that the now-pending § 2255 motion is his second § 2255 motion filed with respect to his May 22, 1998 conviction, and (b) he has not obtained authorization from the D.C. Circuit to file a second or successive § 2255 motion with this Court. *See* Pet'r's Mot. to Vacate at 2. Nonetheless, Petitioner contends that this Court has jurisdiction to consider his now-pending motion because the motion — although technically his second — should not be construed as a "second or successive" motion for purposes of §§ 2255 and 2244 because it raises a new constitutional argument not available at the

3

time of his first § 2255 motion. Relying on the Fourth Circuit's decision in *In re Taylor*, 171 F.3d 185 (4th Cir. 1999), Petitioner contends that a § 2255 motion seeking to raise only new issues that originated after the first § 2255 motion was filed does not constitute a "second or successive" motion. *See* Pet'r's Mot. to Vacate at 2. Petitioner's argument is without merit.

First, Petitioner's reliance on *In re Taylor* is misplaced. Unlike the case at hand, *In re Taylor* involved a § 2255 motion that raised only new issues related to the petitioner's **re-sentencing**, which had occurred after his first § 2255 had been granted in part. 171 F.3d at 187-88. In that case, the petitioner had been convicted of one count of conspiracy to distribute cocaine and three counts of using or carrying a firearm during a drug trafficking crime. *Id.* at 186. He filed a § 2255 motion moving to set aside or vacate his conviction. *Id.* The district court granted the motion in part and vacated his firearm convictions only. *Id.* at 186-87. Petitioner was then re-sentenced solely on the remaining conspiracy conviction. *Id.* at 187. After his re-sentencing, the petitioner filed a § 2255 motion alleging that he had received ineffective assistance of counsel during the re-sentencing hearing. *Id.* The Fourth Circuit held that the petition — although technically the petitioner's second — was not a "second or successive" motion under § 2255 because it "expressly seeks to raise only those issues that originated at the time of his resentencing, after his first § 2255 petition had been granted." *Id.* at 187-88. *In re Taylor* is thus factually inapposite, as Petitioner's pending § 2255 motion, like his first § 2255 motion, challenges only issues relating to his 1998 criminal judgment—not new issues related to a re-sentencing hearing that occurred after his first motion had been ruled upon and granted.

Second, Petitioner's argument does not comport with the plain language of §§ 2255 and 2244. Petitioner contends that his now-pending motion is not subject to these statutes'

4

certification requirement because the motion addresses a new rule of constitutional law that was not available at the time of his initial § 2255 motion. *See* Pet'r's Mot. to § Vacate at 2. A plain reading of § 2255(h)(2), however, shows that a new rule of constitutional law does not create an exception to the court of appeals' gatekeeping function; rather, a "new rule of constitutional law" is simply the standard by which the court of appeals is to make a determination regarding certification. As discussed above, § 2255 provides that a second or successive motion must be certified by the relevant court of appeals as containing either:

> (1) newly discovered evidence . . . ; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). As is readily apparent from this statutory language, the determination of whether a new rule of constitutional law exists must be decided *by the court of appeals* — and not by the district court — before the second or successive § 2255 motion may be filed in the district court. Indeed, Petitioner's assertion that a "second or successive" motion excludes any motion that raises a "new" constitutional claim would render § 2255(h)(2) superfluous. If a challenge based on a "new rule of constitutional law" is not "second or successive," then there would be no reason for the statute to require certification by the court of appeals in such cases. The Court therefore cannot agree with Petitioner's interpretation of § 2255. *See Forest Grove School Dist. v. T.A.*, __ U.S. __, 129 S.Ct. 2484, 2499 (2009) ("[O]ne of the most basic interpretive canons [is] that [a] statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant . . . ") (quoting *Corley v. United States*, __ U.S. __, 129 S.Ct. 1558, 1560 (2009)).

The Court concludes that Petitioner's now-pending motion is a "second or successive"

5

motion, as that phrase is used in §§ 2255 and 2244, and the Court is therefore without jurisdiction to consider the motion as Petitioner has not first obtained certification from the D.C. Circuit authorizing him to file the motion in this Court. The appropriate course of action is to transfer Petitioner's motion to the D.C. Circuit pursuant to 28 U.S.C. § 1631. *Williams*, 567 F. Supp. 2d at 149; *Akers*, 519 F. Supp. 2d at 96. The Government's [422] Motion to Transfer to the U.S. Court of Appeals Defendant's Motion to Vacate, Set Aside or Correct Sentence is therefore GRANTED.

### III. CONCLUSION

For the reasons set forth above, the Government's [422] Motion to Transfer to the U.S. Court of Appeals Defendant's Motion to Vacate, Set Aside or Correct Sentence is GRANTED. Petitioner's [418] Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 shall be transferred to the United States Court of Appeals for the District of Columbia pursuant to 28 U.S.C. §§ 1631 and 2255 for a determination as to whether Petitioner is authorized to file this second § 2255 motion. An appropriate Order accompanies this Memorandum Opinion.

Date: October 5, 2009

*/s/ Colleen Kollar-Kotelly*
**COLLEEN KOLLAR-KOTELLY**
United States District Judge